UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS V. BARRIOS,<br><br>                              Petitioner,<br><br><br>W.J. SULLIVAN, Warden, et al.,<br><br>                              Respondents. | Case No.:  20-cv-00346-BAS-JLB<br><br>**REPORT AND**<br>**RECOMMENDATION**<br><br><br><br>**[ECF No. 1]** |

## I.     **INTRODUCTION**

This matter is before the Court on a Petition for Writ of Habeas Corpus ("the Petition") filed by Petitioner Carlos V. Barrios pursuant to 28 U.S.C. § 2254.  (ECF No. 1.)  Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis.*  (ECF No. 3.)

The Court submits this Report and Recommendation to United States District Judge Cynthia Bashant pursuant to 28 U.S.C. § 636(b) and Civil Local Rule HC.2 of the United States District Court for the Southern District of California.  After a thorough review of the record before the Court, and for the reasons discussed below, the Court *sua sponte* **FINDS** the Petition appears untimely under 28 U.SC. § 2244(d)(1) and puts Petitioner **ON NOTICE** that his Petition is subject to dismissal unless he can establish it is timely. In

addition, the Court **RECOMMENDS** that the Court **DENY** the Petition on the merits and **DENY** Petitioner's request for an evidentiary hearing.

## II.   BACKGROUND

On April 26, 2017, Petitioner pleaded guilty to two counts of California Penal Code § 288(a) (lewd acts upon a child under the age of fourteen) and admitted a special allegation of California Penal Code § 667.61(b)(c)(e) (committing § 288(a) against more than one victim).  (ECF Nos. 11-1; 11-2 at 1.)  In exchange for his guilty plea, the prosecution dismissed ten other counts, including seven counts of California Penal Code § 288(a), two counts of California Penal Code § 288.7(a) (sexual intercourse/sodomy with a child ten years old or younger), and one count of California Penal Code § 273.5(a) (corporal injury to a spouse).  (ECF Nos. 11-1 at 2; 11-8.)  On May 25, 2017, the court imposed a stipulated sentence of fifteen years to life in prison for each count, for a total sentence of thirty years to life in prison.  (ECF Nos. 11-4 at 6; 11-6 at 1.)  Petitioner did not directly appeal his conviction.

On July 2, 2018, Petitioner filed[1] a petition for writ of habeas corpus in the San Diego Superior Court.  (ECF No. 11-7 at 21.)  In it, Petitioner raised an ineffective assistance of counsel ("IAC") claim, alleging that trial counsel recommended that Petitioner take a plea deal of thirty years to life even though, unbeknownst to Petitioner, the prosecution had previously offered a plea deal of eighteen years to life.  (*See id.* at 16.)  The superior court denied the petition on September 12, 2018, finding that Petitioner's

---

[1]     As an incarcerated and *pro se* litigant, Petitioner is entitled to the benefit of the "mailbox rule," and the Court will consider his state and federal habeas petitions as filed at the moment he delivered them to prison authorities for forwarding to the clerk of court. *See Anthony v. Cambra*, 236 F.3d 568, 574–75 (9th Cir. 2000) (applying *Houston v. Lack*, 487 U.S. 266, 275–76 (1988), and extending the mailbox rule to *pro se* prisoners' state and federal filings).  All references in this Report and Recommendation to a filing date are to the constructive filing date deemed by the Court.

arguments relied on "conclusory allegations without any supporting documentation or evidence." (ECF No. 11-8 at 4.)

On June 14, 2019, Petitioner filed a petition for writ of habeas corpus in the California Courts of Appeal asserting the same IAC claim. (ECF No. 11-9 at 3, 28.) The appellate court denied the petition on June 24, 2019, finding that: (1) the petition was barred as untimely, as Petitioner filed it more than two years after his sentencing; (2) the petition was barred because Petitioner "did not appeal the judgment and obtain the certificate of probable cause required to challenge the validity of his guilty plea"; and (3) Petitioner failed to state a prima facie case for relief. (ECF No. 11-10 at 1.) The appellate court also denied Petitioner's request for an evidentiary hearing, finding that Petitioner's "unsubstantiated assertions '[did] not warrant relief, let alone an evidentiary hearing.'" (*Id.* at 2 (quoting *People v. Duvall*, 886 P.2d 1252, 1258 (Cal. 1995).)

On October 30, 2019, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court asserting the same IAC claim. (ECF No. 11-11 at 6.) The California Supreme Court denied the petition on January 22, 2020. (ECF No. 11-12.) Citing to *Duvall*, the California Supreme Court stated parenthetically that "a petition for writ of habeas corpus must include copies of reasonably available documentary evidence." (*Id.* at 1.)

On February 11, 2020, Petitioner filed the instant federal Petition for Writ of Habeas Corpus in this Court. (ECF No. 1 at 13.) Petitioner raises the same IAC claim in his federal Petition[2] that he raised in the state courts. He alleges counsel was ineffective because "[t]he prosecution offered Petitioner a[n] [eighteen-]year deal that Petitioner's trial counsel never told him about." (*Id.* at 6.) Respondents filed an Answer to the Petition on June 11, 2021. (ECF No. 10.) Petitioner filed a Traverse on August 3, 2020. (ECF No. 13.)

---

[2] As discussed in § IV.B.2. *infra*, Petitioner potentially raises two other bases for an IAC claim in his federal filings.

### III.   TIMELINESS OF THE PETITION

**A.   LEGAL STANDARD**

Federal habeas corpus petitions filed after April 24, 1996, such as the Petition here, are subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *Lindh v. Murphy*, 521 U.S. 320, 326–27 (1997).  AEDPA imposes a one-year statute of limitations on all federal habeas petitions filed by persons in custody pursuant to the judgment of a state court.   28 U.S.C. § 2244(d)(1).   Under 28 U.SC. § 2244(d)(1), the limitations period begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).  The statute of limitations is also subject to both statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(1); *Holland v. Florida*, 560 U.S. 631(2010).

**B.   DISCUSSION**

**1.   Timeliness Under § 2244(d)(1)(A)**

In their Answer, Respondents posit, without analysis, that the Petition "appears to be timely" under 28 U.S.C. § 2244(d).  (ECF No. 10 at 2.)  "[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires." *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012). Petitioner was sentenced on May 25, 2017, and he did not file a direct appeal.  (ECF No. 1 at 2.)  Consequently, Petitioner's conviction became final under § 2244(d)(1)(A) on July

24, 2017, sixty days after Petitioner's sentencing. *See* Cal. R. Ct. 8.308(a) (stating "a notice of appeal . . . must be filed within 60 days after the rendition of the judgment"). Absent tolling, Petitioner's last day to file a federal habeas petition was therefore July 24, 2018, one year from the date judgment became final.

Petitioner filed his federal Petition on February 9, 2020, more than a year, or 587 days to be exact, after AEDPA's limitations period expired. (ECF No. 1 at 11.) Therefore, the Petition is untimely unless statutory and/or equitable tolling apply.

**2. Statutory Tolling Under 28 U.S.C. § 2244(d)(2)**

**a. Legal Standard**

AEDPA's one-year limitations period is tolled during the time when a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable [state] laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 213 (2000) (emphasis omitted). "[T]ime limits, no matter their form, are 'filing' conditions." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

Thus, a state habeas petition is not "properly filed" for purposes of statutory tolling under AEDPA if the state petition was determined by the state court to be untimely as a matter of state law. *Allen v. Seirbert*, 552 U.S. 3, 7 (2007) (citing *Pace*, 544 U.S. at 414, 417). Therefore, when a "California state court determines that a state prisoner's state habeas petition is untimely under state law, there is no 'properly filed' state petition, and [the state prisoner is] not entitled to statutory tolling under AEDPA." *Robinson v. Lewis*, 795 F.3d 926, 929 (9th Cir. 2015) (citing *White v. Martel*, 601 F.3d 882, 884 (9th Cir. 2010) (internal quotations omitted)).

**b. Analysis**

Petitioner's first collateral challenge is a habeas petition filed in the San Diego Superior Court on July 2, 2018. (ECF No. 11-7 at 21.) Petitioner is not entitled to any statutory tolling between the date his conviction became final on July 24, 2017, and the

date he filed the superior court petition.  *See* 28 U.S.C. § 2244(d)(2).  Thus, at the time Petitioner filed his first collateral challenge on July 2, 2018, twenty-two days remained of the one-year limitations period.  Assuming Petitioner's superior court petition was "properly filed" for purposes of § 2244(d)(2), the limitations period was statutorily tolled until the superior court denied the petition on September 12, 2018.  (ECF No. 11-8.)

Petitioner did not file a petition in the California Court of Appeal until June 14, 2019, nearly nine months after the superior court's denial.  (ECF No. 11-9 at 28.)  The appellate court denied Petitioner's petition ten days later, on June 24, 2019. The appellate court found the petition was "barred as untimely" because it was "filed more than two years after he was sentenced." (ECF No. 11-10 at 1.)  Because the appellate court found the petition untimely, the Court must treat it "as improperly filed, or as though it never existed." *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011).  And because Petitioner's appellate court petition was not a "properly filed" petition for purposes of § 2244(d)(2), Petitioner is not entitled to gap tolling between the superior court's denial on September 12, 2018, and his filing in the court of appeal on June 14, 2019.  *See id.*

At the time of the superior court's denial on September 12, 2018, only twenty-two days remained in the one-year limitations period.  Thus, even with statutory tolling, the limitations period expired on October 4, 2018, and Petitioner did not file his federal Petition until February 9, 2020—489 days after the statute of limitation period expired.  The Petition is therefore untimely unless Petitioner is entitled to sufficient equitable tolling.

### 3.     Equitable Tolling

#### a.   Legal Standard

AEDPA's one-year statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 649 (2010).  The purpose of the equitable tolling doctrine "is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court." *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008) (quoting *Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004)).  The "exercise of a court's equity powers must be made on a case-by-case basis," and decisions are "highly

fact-dependent." *Holland*, 560 U.S. at 649–50 (quoting *Baggett v. Bullitt*, 377 U.S. 360, 375 (1964)).   Nevertheless, "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule."   *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)).

To be entitled to equitable tolling, a petitioner must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418).   The "extraordinary circumstance" requirement "suggests that an external force must cause the untimeliness, rather than . . . merely oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting *Harris*, 515 F.3d at 1055).   A petitioner bears the burden of establishing both diligence and extraordinary circumstance, and failure to prove either disqualifies the petitioner for equitable tolling. *Pace*, 544 U.S. at 418–19.

### b.   Notice of Opportunity to Respond

As discussed above, when untimeliness is obvious on the face of a federal habeas petition, a district court has authority to raise AEDPA's statute of limitations *sua sponte* and dismiss the petition. *Herbst v. Cook*, 260 F.3d 1039, 1042 (9th Cir. 2001).   A district court, however, may not *sua sponte* dismiss a petition for untimeliness without giving the petitioner notice and an opportunity to respond. *Id.* at 1043.

Here, because the Court has found Petitioner's claim is untimely even with statutory tolling, Petitioner is put on notice that his Petition appears to be untimely and subject to dismissal unless he can demonstrate in Objections to this Report and Recommendation that he is entitled to additional equitable or statutory tolling. *See Day v. McDonough*, 547 U.S. 198 (2006) (holding that a district court is permitted, but not required, to consider *sua sponte* the timeliness of a state prisoner's habeas petition, provided the parties are allowed to present their positions).   When a petitioner has been placed on notice that the petition is subject to dismissal based on AEDPA's statute of limitations, he has the burden of

demonstrating the limitation period was tolled.  *Smith v. Duncan*, 297 F.3d 809 (9th Cir. 2002).

Accordingly, Petitioner is hereby **ON NOTICE** by way of this Report and Recommendation that the Petition may be dismissed as untimely.  Petitioner will have the opportunity to respond by filing Objections by the deadline set forth in § VI, *infra*.  *See, e.g.*, *Zamudio v. McEwan*, No. 12cv703–IEG (MDD), 2012 WL 7767239, at *4 (S.D. Cal. Aug. 1, 2012) (providing the petitioner with an opportunity to respond to the court's report and recommendation, which recommended *sua sponte* dismissal of the petition for timeliness, by filing an objection to the report and recommendation).

## IV.   MERITS OF PETITIONER'S IAC CLAIMS

Even if the Petition is not barred by the statute of limitations, it fails on the merits. As discussed above, Plaintiff contends he received ineffective assistance of counsel in violation of his Sixth Amendment rights when defense counsel failed to inform him of an offer with an eighteen-year sentence.  (ECF No. 1 at 6.)  Respondent counters that the claim should be denied because the state court's denial of this claim was neither contrary to, nor an unreasonable application of, clearly established law.  (ECF No. 10 at 3–6.)

### A.   STANDARD OF REVIEW

Under AEDPA, a habeas petition will not be granted unless the adjudication:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding.  28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 8 (2002).

A decision is "contrary to" clearly established law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 413 (2000).  A decision involves an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle

to the facts of the prisoner's case." *Id.*; *accord Bruce v. Terhune*, 376 F.3d 950, 953 (9th Cir. 2004).

With respect to § 2254(d)(2), "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams*, 529 U.S. at 410). "State-court factual findings, moreover, are presumed correct; the petitioner has the burden of rebutting the presumption by 'clear and convincing evidence.'" *Rice v. Collins*, 546 U.S. 333, 338–39 (2006) (quoting 28 U.S.C. § 2254(e)(1)).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings . . . . It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Id.* at 102. Even if § 2254(d) is satisfied or does not apply, a reviewing habeas court must still determine whether the petitioner has established a federal constitutional violation. *See Fry v. Pliler*, 551 U.S. 112, 119 (2007) ("[Section 2254(d)] sets forth a precondition to the grant of habeas relief . . . , not an entitlement to it.").

In a federal habeas action, "[t]he petitioner carries the burden of proof." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citing *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam)). However, "[p]risoner pro se pleadings are given the benefit of liberal construction." *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

///

///

**B.     DISCUSSION**

**1.     Petitioner's IAC Claim that Counsel Failed to Communicate an Eighteen-Year Plea Deal**

a.     Parties' Arguments

Petitioner argues he received ineffective assistance of counsel in violation of his Sixth Amendment rights because his trial counsel "never told him about" the prosecution's offer of an eighteen-year plea deal.  (ECF No. 1 at 6.)  As discussed above, Petitioner instead accepted a plea deal of thirty years to life.  (ECF Nos. 11-4 at 6; 11-6 at 1.) Petitioner alleges that he learned of the eighteen-year deal "only a few hours" after his sentencing when he spoke to his sister.  (ECF No. 1 at 6.)  Per Petitioner, after he told his sister that "he had taken a [p]lea deal of [thirty] years to life" she was "shocked" and asked him 'WHAT HAD HE DONE.'"  (*Id.*)  Petitioner contends that he subsequently confronted counsel about the uncommunicated plea deal, and counsel "became upset and insisted that he had told Petitioner about the [eighteen]-year offer when in fact he had not."  (*Id.*) Petitioner further contends that he asked counsel "if he would file a motion on his behalf to withdraw his guilty plea and proceed to trial," and counsel responded that Petitioner "should file an appeal at a later date to withdraw his plea because as far as he was concerned[,] he believed that Petitioner was guilty."  (*Id.* at 13.)

In their Answer, Respondents argue that the state courts' rejection of this IAC claim was reasonable and that this Court should summarily reject Petitioner's claim as conclusory because Petitioner "completely failed to demonstrate" that the prosecution ever offered an eighteen-year deal and, moreover, "failed to show that counsel failed to convey such an offer."  (ECF No. 10-1 at 4.)  Respondents maintain that Petitioner's "self-serving assertions [do] not suffice to establish error."  (*Id.*)  Respondents further maintain that Petitioner "failed to establish prejudice resulted from counsel's recommendation to accept the plea offer of two counts for thirty years to life in prison."  (*Id.* at 6.)

///

///

b.     Ineffective Assistance of Counsel Under *Strickland*

Clearly established law for ineffective assistance of trial counsel comes from the Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish ineffective assistance of counsel under *Strickland*, a petitioner must first show that his "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688–89. This requires Petitioner to demonstrate "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Next, a petitioner must show that he was prejudiced by his counsel's errors by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Under *Strickland*, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

The *Strickland* standard applies to claims of ineffective assistance of counsel stemming from counsel's failure to communicate a formal plea offer to a defendant. *Missouri v. Frye*, 566 U.S. 134, 145 (2012). "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Id.* Counsel's representation falls below *Strickland*'s objective standard of reasonableness if counsel does not make a "meaningful attempt to inform the defendant" of a formal plea offer "before the offer expire[s]." *Id.* at 149.

Additionally, to show prejudice when "a plea offer has lapsed or been rejected because of counsel's deficient performance," a petitioner must demonstrate: (1) "a reasonable probability [he] would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel"; and (2) "that the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise discretion under state law." *Id.* at 147.

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). "The standards created by *Strickland* and § 2254(d) are both 'highly

deferential' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 106 (first quoting *Strickland*, 466 U.S. at 689 and *Lindh*, 521 U.S. at 333 n.7, and then quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)); *see also Strickland*, 466 U.S. at 689 ("[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."). These standards are "difficult to meet" and "demand[] that state court decisions be given the benefit of the doubt." *Cullen*, 563 U.S. at 182 (first quoting *Harrington*, 562 U.S. at 102, and then quoting *Woodford*, 537 U.S. at 24). Federal habeas relief functions as a "guard against extreme malfunctions in the state criminal justice systems," and not simply as a means of error correction. *Harrington*, 562 U.S. at 103–04 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

c.   The Appellate Court's Decision Was Not Objectively Unreasonable Because Petitioner Failed to Demonstrate that Defense Counsel's Representation Fell Below an Objective Standard of Reasonableness

As noted above, Petitioner raised his IAC claim in the California Supreme Court and it was denied without analysis but with citation to *Duvall*, 886 P.2d at 1258, and a parenthetical stating, "[A] petition for writ of habeas corpus must include copies of reasonably available documentary evidence." (ECF No. 11-2 at 1.) To the extent the California Supreme Court's inclusion of a citation and parenthetical renders the decision "reasoned," it appears the California Supreme Court adopted the reasoning, at least in part, of the appellate court, which, in its order denying Petitioner's petition, also cited to *Duvall* in holding that Petitioner had not substantiated his IAC claim. (*See* ECF No. 11-10 at 2.)

In the Ninth Circuit, "if the last reasoned decision adopts or substantially incorporates the reasoning from a previous state court decision, [a court] may consider both decisions to 'fully ascertain the reasoning of the last decision.'" *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (quoting *Barker v. Fleming*, 423 F.3d 1085, 1093 (9th Cir. 2005) ("In each of these cases, the last reasoned decision adopted or substantially incorporated the reasoning from a previous decision and, as a result, it was reasonable for

the reviewing court to look at both decisions to fully ascertain the reasoning of the last decision.")).

Thus, this Court must "look through" the California Supreme Court's denial to the last reasoned decision issued by a state court. *Ylst v. Nunnemaker*, 501 U.S. 797, 805–06 (1991). Here, the appellate court denied Petitioner's petition on two procedural grounds, but it also considered and denied the petition on the merits, stating as follows:

> Barrios also fails to state a prima facie case for relief. A habeas corpus "petitioner's assertion he would not have pled guilty if given competent advice 'must be corroborated independently by objective evidence.'" [Citations.] Barrios offers only his own self-serving assertions he would not have pled guilty and stipulated to 30 years to life in prison had counsel advised him of the prosecutor's offer that allegedly included an 18-year prison sentence. Such unsubstantiated assertions "'do not warrant relief, let alone an evidentiary hearing.'" [Citations.]

(ECF No. 11-10 at 1–2.) Because the appellate court issued a reasoned decision on the merits of Petitioner's IAC claim, the Court must determine whether the appellate court's denial was "contrary to or an unreasonable application of clearly established law." *See Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). In doing so, the Court is confined to the record that was before the state court. *Cullen*, 563 U.S. at 182.

To prevail on an IAC claim, Petitioner must show defense counsel's representation fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 688–89. "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 566 U.S. at 145. In the context of Petitioner's claim that counsel failed to communicate a plea deal to Petitioner, he must demonstrate that counsel did not make a "meaningful attempt" to inform Petitioner of a formal "plea offer before the offer expire[d]." *Id.* at 141. Petitioner has not done so.

As Respondents argue, and as noted by the appellate court, Petitioner fails to provide any credible evidence supporting his claim that the prosecution ever made a formal plea offer of eighteen years. Petitioner attached two exhibits to his Petition in an attempt to

corroborate this IAC claim, both of which were included in the record before the appellate court: (1) a letter dated May 2, 2018, and signed under penalty of perjury by Petitioner's sister (ECF No. 1 at 21); and (2) a declaration dated May 22, 2018, which was authored by Petitioner for defense counsel, but which defense counsel declined to sign (*id.* at 23–25). The letter and unsigned declaration (even if it had been signed) do not support Petitioner's claim that the prosecution ever offered, and counsel failed to inform Petitioner of, an eighteen-year plea deal.

Despite Petitioner's claim that he learned of the alleged eighteen-year deal from his sister after his guilty plea on April 26, 2017, nowhere in her letter does Petitioner's sister mention that she had knowledge of, or informed Petitioner of, an eighteen-year deal.  (ECF No. 1 at 21.)  Rather, the letter provides:

> I am writing this letter to notify that on April 25, 2017[,] after my brother['s] . . . [c]ourt hearing around 4pm Carlos Barrios [c]alled me [f]rom the county jail to let me know that he pleaded guilty.  I asked him[,] "[W]hat had he done?"

> He said he wanted to tell his attorney . . . that he decided to recant his plea[] deal.  He also said he had been trying to get in contact with [defense counsel,] but he wouldn't answer.  I told him I would put him on hold and call . . . [counsel,] so I did . . . .  [H]is secretary answer[d] the phone and put [his] [a]ttorney on the line[.] . . . I told [the attorney] that Carlos V[.] Barrios would like to speak to him[,] and he said okay[,] so I merged the calls and they started speaking.

> While they spoke[,] I was also listening to the conversation.  Carlos told the attorney that he would like to recant his plea[] deal[,] and the attorney . . . told him he would see him on Friday of the same week at the jail.  This was the last thing I [h]eard of the conversation as we all h[ung] up.

(ECF No. 1 at 21.)  Although the letter indicates that Petitioner told his sister and his attorney that he "would like to recant his plea[] deal," the letter does not indicate *why*.  Likewise, the unsigned declaration that Petitioner prepared for defense counsel does not mention any uncommunicated plea deal. The unsigned declaration mentions a conversation Petitioner had with counsel on May 25, 2017, in which counsel allegedly told Petitioner

that he [counsel] had been "bullied and pressured by the prosecuting attorney to secure and obtain a signed agreement from [Petitioner] to serve a state prison term of [thirty] years to life" and that it would benefit Petitioner "to accept the [thirty-]year deal now and file an appeal at a lat[er] date to withdraw his plea." (*Id.* at 24.)  Such self-serving, unverified allegations are insufficient to establish counsel's performance was deficient. *See Jones v. Gomez*, 66 F.3d 199, 204–05 (9th Cir. 1995) (finding conclusory and self-serving allegations insufficient to prove ineffective assistance of counsel).

But perhaps most significantly, the unsigned declaration—which Petitioner *prepared himself* to substantiate his IAC claim—mentions nothing about any eighteen-year plea deal. As the appellate court recognized, the only evidence in the record that (1) the prosecution ever offered Petitioner an eighteen-year deal, let alone a formal offer of eighteen years, and (2) defense counsel did not meaningfully attempt to communicate that offer to Petitioner, is Petitioner's own self-serving statements.  Federal habeas review under § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen*, 563 U.S. at 181.  Because it is Petitioner who bears the burden of establishing that defense counsel rendered ineffective assistance, *see Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010), Petitioner's IAC claim fails on the first *Strickland* prong.  Accordingly, the state court's denial of Petitioner's IAC claim was neither contrary to, nor an unreasonable application of, clearly established law.[3] *See* 28 U.S.C. § 2254(d); *Williams*, 529 U.S. at 412–13.

///

///

---

[3]   Because Petitioner has failed to establish that defense counsel rendered ineffective assistance, the Court declines to address the second *Strickland* prong.  *See Strickland*, 466 U.S. at 697 ("[T]here is no need for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.").

### 2.     Petitioner's Other Potential IAC Claims

Petitioner alleged only one ground in the Petition: "ineffective assistance of trial counsel during a critical state of the proceeding (plea bargain stage)."  (ECF No. 1 at 6.)  Petitioner's supporting facts for this single ground focus predominantly on his claim that counsel failed to communicate an eighteen-year plea offer to him.  (*Id.*)  However, on a supplemental page attached to the Petition labeled "Ground One Continued," Petitioner alleges that he asked counsel "if he would file a motion on his behalf to withdraw his guilty plea and proceed to trial."  (*Id.* at 13.)  Additionally, in a Memorandum of Points and Authorities attached to the Petition, Petitioner contends that, besides failing to communicate the eighteen-year plea offer, counsel rendered ineffective assistance by "constantly confusing Petitioner with another client named Jesus Hernandez, which he constantly called Petitioner."  (*Id.* at 16.)

Respondents do not address either of these potential claims in their Answer, and Petitioner's Traverse focuses entirely on his IAC claim with respect to the alleged eighteen-year deal.  Nevertheless, in light of Petitioner's *pro se* status, and to the extent Petitioner contends that either of these accusations forms a basis for additional IAC claims, the Court briefly addresses them below.  *See Porter*, 620 F.3d at 958 ("Prisoner pro se pleadings are given the benefit of liberal construction.").

#### a.     Defense Counsel's Decision Not to File a Motion to Withdraw Guilty Plea

In each of his state court petitions, Petitioner alleged a single ground for ineffective assistance of counsel.  But, in each of his state court petitions, as in his federal Petition, Petitioner included an allegation that he asked defense counsel to file a motion to withdraw his guilty plea and counsel failed to do so.  (ECF Nos. 11-7 at 16; 11-9 at 3; 11-11 at 3.)  Accordingly, to the extent Petitioner views counsel's decision not to file a motion to withdraw his guilty plea as a separate basis for an IAC claim, his claim is exhausted.

To assess the merits of this IAC claim, the Court again "look[s] through" the California Supreme Court's denial to the reasoned opinion of the appellate court.  *Ylst*, 501

U.S. at 805–06. Following *Strickland*, the Court conducts an independent review to determine if the appellate court's denial was objectively unreasonable. *See supra* § IV.B.1.c.i. The Court concludes that it was not unreasonable.

First, Petitioner has not shown that counsel's assistance fell below an objective standard of reasonableness for declining to file a motion to withdraw Petitioner's guilty plea. The Ninth Circuit has held defense counsel is not deficient in failing to file a motion to withdraw the guilty plea when such a motion would be futile. *James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994).

Under California law, a defendant who seeks to withdraw his guilty plea may do so before judgment[4] has been entered upon a showing of good cause. Cal. Penal Code § 1018.[5] "Mistake, ignorance or any other factor overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea" under [§] 1018, but "[a] defendant seeking

---

[4]     The Court notes that Petitioner does allege in the Petition when he asked his attorney to file a motion to withdraw his guilty plea, whether *before* or *after* his sentencing and entry of judgment on May 25, 2016. Petitioner's sister's letter implies that Petitioner made the request to defense counsel on April 26, 2017, after he pleaded guilty but before his sentencing. (*See* ECF No. 1 at 21 ("[Petitioner] told the attorney that he would like to recant his plea[] deal and the attorney told him he would see him on Friday of the same week at the jail.").) However, in the unsigned declaration Petitioner prepared for defense counsel, Petitioner states that, in response to advice his attorney provided at an attorney-client conference on May 25, 2017, Petitioner was "preparing to file an appeal to withdraw [his] plea." (*Id.* at 23.) May 25, 2017, was the day Petitioner was sentenced. (ECF Nos. 11-4 at 6; 11-6 at 1.)

[5]     Section 1018 reads, in pertinent part, that:

On application of the defendant at *any time before judgment* or within six months after an order granting probation is made if entry of judgment is suspended, the court may, and in case of a defendant who appeared without counsel at the time of the plea the court shall, for good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted.

Cal. Penal Code § 1018 (emphasis added).

to withdraw a guilty plea on grounds of mistake or ignorance must present clear and convincing evidence in support of the claim."  *People v. Patterson*, 391 P.3d 1169, 1175 (Cal. 2017) (quoting *People v. Cruz*, 526 P.2d 250, 252 (Cal. 1974)).

Here, Petitioner fails to establish that good cause existed to withdraw his guilty plea, for he has not shown that his decision to plead guilty was the product of mistake, ignorance, or any other factor overcoming his exercise of free judgment.  And, without a basis to file the motion, counsel could not have acted unreasonably.  *See People v. Brown*, 224 Cal. Rptr. 476, 479–80 (Ct. App. 1986) (Although "the decision to seek withdrawal of a plea of guilty . . . [is] one which the defendant is entitled to make . . . . the court does "not suggest that counsel is compelled to make a motion which, in counsel's good faith opinion, is frivolous or when to do so would compromise accepted ethical standards."); *see also Krongkiet v. Beard*, 597 F. App'x 416, 417 (9th Cir. 2015) ("[T]he Supreme Court has not clearly established that a defendant has absolute control over the decision to file a motion to withdraw his guilty plea.").

Second, whether or not counsel acted unreasonably, Petitioner fails to show that he was prejudiced by his attorney's failure to move to withdraw his guilty plea.  To show he was prejudiced by counsel's purported failure to file the motion, Petitioner must show that there is a "reasonable probability" that, but for counsel's alleged error, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 692. Here, the lack of any basis to file such a motion precludes Petitioner from arguing that he was prejudiced.  *See, e.g.*, *McCormick v. Farwell*, 234 F. App'x 754, 755 (9th Cir. 2007) ("[T]hey could reasonably determine that counsels' failure to make a motion to withdraw [the petitioner]'s guilty plea was not prejudicial because on this record no valid basis for the proposed motion was shown."); *Wagner v. Diaz*, No. 1:12-CV-01782-LJO-JL, 2015 WL 3563026, at *6 (E.D. Cal. May 28, 2015) ("If no legal basis existed for bringing a motion to withdraw the plea, . . . Petitioner cannot complain that he was prejudiced by counsel's failure to bring that motion.").

///

Accordingly, because Petitioner has neither shown that defense counsel's assistance fell below an objective standard of reasonableness for declining to file a motion to withdraw Petitioner's guilty plea, nor that he was prejudiced, the appellate court's denial of Petitioner's petition was not objectively unreasonable.

### b.   Defense Counsel's Confusion of Petitioner with Another Client

As stated, Petitioner alleges that defense counsel provided ineffective assistance of counsel by constantly confusing him with another client and calling him by that client's name. (ECF No. 1 at 15, 16.)  To the extent this IAC claim is properly before the Court,[6] Petitioner did not present this claim to the California Supreme Court or any other state court, and thus, the claim is unexhausted.  *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State[.]").  Nevertheless, "[a]n application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the [petitioner] to exhaust the remedies available in the courts of the state."  *Id.* § 2254(b)(2).  In the Ninth Circuit, a court may deny an unexhausted claim on the merits if it is "perfectly clear" that the claim "does not raise even a colorable federal claim."  *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005).

Petitioner's claim is meritless.  Again, to demonstrate ineffective assistance of counsel, Petitioner must show both that counsel's legal assistance was deficient, in that it fell below an objective standard of reasonableness, and that Petitioner was prejudiced as a result.  *Strickland*, 466 U.S. at 688, 694.  The Court can imagine a scenario where an attorney's confusion of his or her clients and cases could lead to ineffective assistance, but simply calling Petitioner by an incorrect name, even "constantly," does not amount to

---

[6]    Again, Petitioner inserted this claim in a Memorandum of Points and Authorities attached to the Petition, not in the Petition itself.  *See supra* § IV.B.2.

deficient assistance, for the Sixth Amendment does not guarantee a "meaningful relationship between an accused and his counsel." *Morris v. Slappy*, 461 U.S. 1, 14 (1983). Moreover, besides "telling Petitioner that he faced [d]eportation once convicted,"[7] Petitioner does not allege that counsel's confusion about Petitioner's name impacted the substance of his communications, much less that it resulted in any prejudice to Petitioner. *See Wood v. Neven*, 624 F. App'x 528, 528 (9th Cir. 2015) ("This is a proper case to invoke our authority under § 2254(b)(2), because [the petitioner] has suffered no prejudice, and therefore, his ineffective assistance of counsel claim must fail. It is thus 'perfectly clear' that his petition is meritless."). Accordingly, pursuant to § 2254(b)(2), the Court finds that Petitioner's claim that defense counsel provided ineffective assistance by confusing him with another client does not raise a colorable federal claim.

## V. <u>PETITIONER'S REQUEST FOR AN EVIDENTIARY HEARING</u>

To his Traverse, Petitioner attaches a Memorandum of Points and Authorities wherein he "[p]rays" that the Court "find that without an evidentiary hearing there is no way that Petitioner can prove his claim of IAC." (ECF No. 13 at 5.) Petitioner maintains that without an evidentiary hearing, "it would be virtually impossible for [him] to substantiate his claim that . . . [counsel] failed to pass on an [eighteen-]year plea deal by

---

[7] Nowhere does Petitioner even attempt to argue that he was prejudiced by counsel's telling him that he faced deportation if convicted. Any concern that counsel's incorrect statement resulted in a guilty plea that was not knowing or voluntary is not supported by the record. Per a letter dated December 6, 2019, and signed by Petitioner's sister, Petitioner is a United States citizen, and defense counsel was informed of this fact. (ECF No. 1 at 27.) The letter further provides that when Petitioner's sister corrected defense counsel and told him that Petitioner was a United States citizen, he corrected his statement and told her Petitioner would not be deported. (*Id.*) Although Petitioner does not explicitly state that he himself knew he did not face deportation if convicted, the Court infers Petitioner's knowledge of this fact by virtue of Petitioner's statement that he knew defense counsel was "confused" when telling Petitioner that he faced deportation.

the prosecution." (*Id.* at 5–6.) Petitioner posits that an evidentiary hearing would result in "an admission" from defense counsel. (*Id.* at 6.)

As amended by AEDPA, 28 U.S.C. § 2254(e) "substantially restricts the district court's discretion to grant an evidentiary hearing." *Baja v. Ducharme*, 187 F.3d 1075, 1077 (9th Cir. 1999). Under, § 2254(e)(2), a district court may hold an evidentiary hearing only if petitioner can demonstrate that:

(A) the claim relies on—

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). Further, the Supreme Court has interpreted § 2254(e)(2) as "[imposing] a limitation on the discretion of federal habeas courts to take new evidence in an evidentiary hearing." *Cullen*, 563 U.S. at 185. "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.* at 181.

In other words, "an evidentiary hearing is pointless once the district court has determined that § 2254(d) precludes habeas relief." *Sully v. Ayers*, 725 F.3d 1057, 1075 (9th Cir. 2013). Indeed, in *Cullen*, the Court specifically found that the district court should not have held an evidentiary hearing regarding the petitioner's claims of ineffective assistance of counsel until after the Court determined that the petition survived review under section 2254(d)(1). *Id*.

In its independent review above, the Court determined that the appellate court's denial of Petitioner's claim that defense counsel provided ineffective assistance by failing to communicate the prosecution's eighteen-year plea deal was not objectively unreasonable

under § 2254(d)(1).  *Supra* § IV.B.1.  Petitioner is therefore not entitled to an evidentiary hearing.  *See, e.g.*, *Flournoy v. Covello*, Case No. 19-cv-01368 BAS (NLS), 2020 WL 2319781, at *6 (S.D. Cal. May 11, 2020) ("[Petitioner] is not entitled to federal habeas relief pursuant to § 2254(d)(1) or (d)(2).  Accordingly, he is not entitled to an evidentiary hearing.").

Accordingly, the Court **RECOMMENDS** that the District Court **DENY** Petitioner's request for an evidentiary hearing.

## VI.   CONCLUSION

**IT IS HEREBY RECOMMENDED** that the District Court issue an Order approving and adopting this Report and Recommendation.  As discussed above, Petitioner is **ON NOTICE** that his Petition appears to be untimely and subject to dismissal on that basis.

To avoid dismissal for untimeliness, Petitioner <u>must demonstrate the limitation period is subject to sufficient equitable and/or statutory tolling so as to make the Petition timely</u>. *See Day*, 547 U.S. at 198 (holding that a district court is permitted, but not required, to consider *sua sponte* the timeliness of a state prisoner's habeas petition, provided the parties are allowed to present their positions); *Smith*, 297 F.3d at 809 (stating when the petitioner has been placed on notice the petition is subject to dismissal based on AEDPA's statute of limitations, petitioner had the burden of demonstrating the limitation period was tolled).

Alternatively, the Court **RECOMMENDS** that the District Court **DENY** the Petition on the merits and **DENY** Petitioner's request for an evidentiary hearing.

Based on the foregoing, **IT IS ORDERED** that no later than **<u>October 14, 2021</u>**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to any objections shall be filed with the district court and served on all parties no later than **<u>October 21, 2021</u>**.  The parties are advised that failure to file objections within the specified time may waive the right to raise

those objections on appeal of the Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

Dated:  September 23, 2021

Hon. Jill L. Burkhardt
United States Magistrate Judge