UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS V. BARRIOS,<br><br>                          Plaintiff,<br><br>   v.<br><br>W.J. SULLIVAN, Warden, et al.,<br><br>                         Defendant. | Case No. 20-cv-00346-BAS-JLB<br><br>**ORDER:**<br><br>**(1) ADOPTING THE REPORT AND RECOMMENDATION IN ITS ENTIRETY (ECF No. 15);**<br><br>**(2) OVERRULING PETITIONER'S OBJECTION TO THE REPORT & RECOMMENDATION (ECF No. 16);**<br><br>**(3) DENYING PETITIONER'S REQUEST FOR AN EVIDENTIARY HEARING (ECF No. 13); AND**<br><br>**(4) DISMISSING THE PETITION (ECF No. 1)** |

**I.  BACKGROUND**

Petitioner, a state prisoner proceeding pro se, filed this petition for habeas corpus under 28 U.S.C. § 2254.  (ECF No. 1.)  U.S. Magistrate Judge Jill L. Burkhardt issued a Report & Recommendation ("R. & R.") finding that the petition appears untimely and

recommending that this Court deny Petitioner's habeas petition on the merits, deny Petitioner's request for an evidentiary hearing, and enter judgment accordingly. (ECF No. 15.) Petitioner has filed an objection. ("Obj." ECF No. 16.) For the following reasons, the Court **APPROVES** and **ADOPTS** the R. & R. and **OVERRULES** Petitioner's objection.

## II. LEGAL STANDARD

The Court reviews *de novo* those portions of a Magistrate Judge's R. & R. to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* But "[t]he statute [28 U.S.C. § 636(b)(1)(c)] makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis omitted); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121.

Objections must be written and specific. *See, e.g.*, Fed. R. Civ. Pr. 72(b)(2) (stating that "a party may serve and file specific written objections to the proposed findings and recommendations" of the magistrate judge). "Numerous courts have held that a general objection to the entirety of a Magistrate Judge's [report and recommendation] has the same effect as a failure to object." *Alcantara v. McEwen*, No. 12-cv-401-IEG, 2013 WL 4517861, at *1 (S.D. Cal. Aug. 15, 2013) (citing cases). In the absence of specific objections, the clear weight of authority indicates that the court need only satisfy itself that there is no "clear error" on the face of the record before adopting the magistrate judge's recommendation. *See, e.g.*, Fed. R. Civ. P. 72(b) Advisory Comm. Notes (1983) (citing *Campbell v. U.S. Dist. Court*, 501 F.3d 196, 206 (9th Cir. 1974)). Under this standard, "[a] finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing

court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson*, 470 U.S. at 574 (citing *United States v. Yellow Cab Co.*, 338 U.S. 338, 342, (1949)).

In a federal habeas action, "[t]he petitioner carries the burden of proof." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citing *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam)). However, when a plaintiff appears *pro se*, the court must be careful to construe the pleadings liberally and to afford the plaintiff any benefit of the doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). The rule of liberal construction is "particularly important" in civil rights cases. *Hendon v. Ramsey*, 528 F. Supp. 2d 1058, 1063 (S.D. Cal. 2007) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

## III.   ANALYSIS

While Petitioner repeatedly states that he objects to the R. & R. in its entirety (Obj. at 1:18–20; 4:9–11; 5:24–27; 6:11–12; 7:10–11), only objections raised with specificity will be considered *de novo* by the Court. The other findings in the Magistrate Judge's order will be evaluated under the clearly erroneous standard. Petitioner raises two objections with specificity. First, Petitioner argues that his Petition is timely under statutory and equitable tolling. (Obj. at 2:15–22.) Second, Petitioner argues that the state appellate court and California Supreme Court acted unreasonably when they denied his ineffective assistance of counsel claim. (Obj. at 6:1–8.) The Court disagrees.

### A.   The Petition Is Untimely Under § 2244(d)(1)

Federal habeas corpus petitions filed after April 24, 1996, such as the Petition here, are subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 326–27 (1997). AEDPA imposes a one-year statute of limitations on all federal habeas petitions filed by persons in custody

pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A) the limitations period begins to run on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

The Magistrate Judge found that because Petitioner did not file a direct appeal after he was sentenced on May 25, 2017, his conviction became final under § 2244(d)(1)(A) on July 24, 2017, sixty days after Petitioner's sentencing. *See* Cal. R. Ct. 8.308(a) (stating "a notice of appeal . . . must be filed within 60 days after the rendition of the judgment"). (R. & R. at 4:28; 5:1–4.) Petitioner filed his federal Petition on February 9, 2020, which was more than a year after the statute of limitations expired. (ECF No. 1 at 11.)

In his Objection, Petitioner acknowledges that the Magistrate Judge *sua sponte* found his Petition untimely under 28 U.S.C. § 2244(d)(1) but argues statutory tolling should apply to his Petition under § 2244(d)(2). (*See* Obj. at 2:1–14.) Since Petitioner does not specifically object that his Petition is untimely under § 2244(d)(1), the Court finds the Magistrate Judge's *sua sponte* finding is not clearly erroneous and concludes the Petition is untimely under 28 U.S.C. § 2244(d)(1).

### B.     The Petition Is Untimely Under § 2244(d)(2)

Petitioner objects to the Magistrate Judge's finding that statutory tolling did not apply. (Obj. at 2:15–21.) AEDPA's one-year limitations period is tolled during the time when a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable [state] laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 213 (2000) (emphasis omitted). "[T]ime limits, no matter their form, are 'filing' conditions." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Thus, a state habeas petition is not "properly filed" for purposes of statutory tolling under AEDPA if the state petition was determined by the state court to be untimely as a matter of state law. *Allen v. Seirbert*, 552 U.S. 3, 7 (2007) (citing *Pace*, 544 U.S. at 414, 417). Therefore, when a "California

state court determines that a state prisoner's state habeas petition is untimely under state law, there is no 'properly filed' state petition, and [the state prisoner is] not entitled to statutory tolling under AEDPA." *Robinson v. Lewis*, 795 F.3d 926, 929 (9th Cir. 2015) (citing *White v. Martel*, 601 F.3d 882, 884 (9th Cir. 2010) (internal quotations omitted)).

Although Petitioner did file a state habeas petition, which would normally toll the AEDPA's one-year limitations period, the California Court of Appeal found the state petition was "barred as untimely" because it was "filed more than two years after he was sentenced." (ECF No. 11-10 at 1.) Consequently, the Court must treat the Petition as improperly filed. *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011). Therefore, the Petition is not entitled to statutory tolling under § 2244(d)(2).

### C. The Petition Is Not Subject to Equitable Tolling

AEDPA's one-year statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner argues this case is such a case. (Obj. at 2:19–21.) The purpose of the equitable tolling doctrine "is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court." *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008) (quoting *Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004)). The "exercise of a court's equity powers must be made on a case-by-case basis," and decisions are "highly fact-dependent." *Holland*, 560 U.S. at 649–50 (quoting *Baggett v. Bullitt*, 377 U.S. 360, 375 (1964)). Nevertheless, "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)).

In order to qualify for equitable tolling, a petitioner must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418). The "extraordinary circumstance" requirement "suggests that an external force must cause the untimeliness, rather than . . . merely oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling."

*Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting *Harris*, 515 F.3d at 1055). A petitioner bears the burden of establishing both diligence and an extraordinary circumstance; failure to prove either disqualifies the petitioner for equitable tolling. *Pace*, 544 U.S. at 418–19.

In his objection, Petitioner relies on *In re Huddleston* when he posits that neither the California State Legislature nor the California Supreme Court has established a time for a petitioner to seek habeas corpus relief. (*See* Obj. at 2:19–21 (citing *In re Huddleston*, 71 Cal. 2d 1031, 1034 (1969))). However, *In re Huddleston* was decided on equitable grounds because the petitioner in that case raised points of law that were not yet pronounced at the time of his conviction, which the court held was a valid explanation for his delay. 71 Cal. 2d at 1033–34. *In re Huddleston* is distinguishable from Petitioner's case. As the appellate court explained, Petitioner was "not entitled to habeas corpus relief" because Petitioner provided "no explanation for his delay." (ECF 11-10). Indeed, "[i]t has long been required that a petitioner explain and justify any significant delay in seeking habeas corpus relief." *In re Reno*, 55 Cal. 4th 428, 459 (2012) (citing *In re Clark*, 5 Cal. 4th 750, 765 (1993)), *as modified on denial of reh'g*.

Accordingly, Petitioner has not met his burden because he has not presented the Court with any showing that he has been pursuing his rights diligently or informed the Court of any extraordinary circumstances that have prevented him from filing on time. Petitioner argues that because he alleges his Sixth Amendments rights were violated, that allegation alone is sufficient for the Court to equitably toll his Petition. (Obj. at 3:18–27.) However, mere allegations do not meet the high threshold established for equitable tolling. Thus, the Court finds the Petition is not subject to equitable tolling; therefore, the Petition is untimely under 28 U.S.C. § 2244(d)(2). Consequently, the Petition is subject to dismissal because it is untimely.

### D. IAC Merits

Even though the Petition is barred by the statute of limitations, the Court will address Petitioner's objections regarding the merits of his case.

Petitioner objects to the Magistrate Judge's finding that the Court of Appeal and the California Supreme Court decisions were objectively reasonable.[1] (Obj. at 6:1–6.) Petitioner contends he received ineffective assistance of counsel ("IAC") in violation of his Sixth Amendment rights when his defense counsel failed to inform him of a plea offer with an eighteen year sentence. (ECF No. 1 at 6.) Petitioner argues that he would not have taken the thirty year to life plea deal if he knew there was a better offer previously. (Obj. at 6:5–8.) Petitioner alleges that he learned of the eighteen year offer from his sister only hours after he accepted the thirty year to life plea deal. (ECF No. 1 at 6.) Petitioner contends that he subsequently confronted counsel about the uncommunicated plea deal, and counsel "became upset and insisted that he had told petitioner about the [eighteen] year offer when in fact he had not." (*Id.*)

The Court of Appeal upheld the Superior Court's decision and reaffirmed that Petitioner was "not entitled to habeas corpus relief," citing to the California Supreme Court decision, *People v. Duvall*, as it explained that "unsubstantiated assertions do not warrant relief, let alone an evidentiary hearing." 9 Cal. 4th 464, 474 (1995) (internal quotations omitted). When Petitioner raised his IAC claim in the California Supreme Court, it was denied without analysis but with a citation to *Duvall*, 9 Cal. 4th at 474, and a parenthetical stating, "[A] petition for writ of habeas corpus must include copies of reasonably available documentary evidence." (ECF No. 11-12 at 1.)

Under AEDPA, a habeas petition will not be granted unless the adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court

---

[1] In the Ninth Circuit, "if the last reasoned decision adopts or substantially incorporates the reasoning from a previous state court decision, [a court] may consider both decisions to 'fully ascertain the reasoning of the last decision.'" *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (quoting *Barker v. Fleming*, 423 F.3d 1085, 1093 (9th Cir. 2005)); *see also Barker*, 423 F.3d at 1092 ("In each of these cases, the last reasoned decision adopted or substantially incorporated the reasoning from a previous decision, and, as a result, it was reasonable for the reviewing court to look at both decisions to fully ascertain the reasoning of the last decision.").

proceeding. 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 8 (2002). A decision is "contrary to" clearly established law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A decision involves an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Id.*; accord *Burce v. Terhune*, 376 F.3d 950, 953 (9th Cir. 2004).

With respect to § 2254(d)(2), "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams*, 529 U.S. at 410). "State-court factual findings, moreover, are presumed correct; the petitioner has the burden of rebutting the presumption by 'clear and convincing evidence.'" *Rice v. Collins*, 546 U.S. 333, 338–39 (2006) (quoting 28 U.S.C. § 2254(e)(1)).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair[-]minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings . . . . It preserves authority to issue the writ in cases where there is no possibility fair[-]minded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Id.* at 102. Even if § 2254(d) is satisfied or does not apply, a reviewing habeas court must still determine whether the petitioner has established a federal constitutional violation. *See Fry v. Pliler*, 551 U.S. 112, 119 (2007) ("[Section 2254(d)] sets forth a precondition to the grant of habeas relief . . . , not an entitlement to it.").

The Supreme Court established in *Strickland v. Washington* that in order for a petitioner to prevail on an ineffective assistance of counsel claim, a petitioner must first show that his "counsel's representation fell below an objective standard of reasonableness." 466 U.S. 668, 688–89 (1984). This requires Petitioner to demonstrate "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment." *Id.* at 687. Next, a petitioner must show that he was prejudiced by his counsel's errors by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Under *Strickland*, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

The *Strickland* standard applies to claims of ineffective assistance of counsel stemming from counsel's failure to communicate a formal plea offer to a defendant. *Missouri v. Frye*, 566 U.S. 134, 145 (2012). "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Id.* Counsel's representation falls below Strickland's objective standard of reasonableness if counsel does not make a "meaningful attempt to inform the defendant" of a formal plea offer "before the offer expire[s]." *Id.* at 149.

Additionally, to show prejudice when "a plea offer has lapsed or been rejected because of counsel's deficient performance," a petitioner must demonstrate: (1) "a reasonable probability [he] would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel"; and (2) "that the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise discretion under state law." *Id.* at 147. Federal habeas relief functions as a "guard against extreme malfunctions in the state criminal justice systems," and not simply as a means of error correction. *Harrington*, 562 U.S. at 103–04 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

As noted by the appellate court, Petitioner fails to provide any credible evidence supporting his claim that the prosecution ever made a formal plea offer of eighteen years. (See ECF 11-10.) Petitioner attached two exhibits to his Petition in an attempt to corroborate this IAC claim, both of which were included in the record before the appellate court: (1) a letter dated May 2, 2018, and signed under penalty of perjury by Petitioner's sister (ECF No. 1 at 21); and (2) a declaration dated May 22, 2018, which was authored by Petitioner for defense counsel, but which defense counsel declined to sign (*id.* at 23–25). Neither of these exhibits support Petitioner's claim.

Petitioner claims he learned about the previous eighteen year plea offer from his sister. However, the letter signed by Petitioner's sister does not mention she had any knowledge of an eighteen year plea deal. Instead, the letter explains that when the sister learned that Petitioner accepted a thirty year to life plea deal, she asked, "[W]hat had he done?" (ECF No. 1 at 21.) The letter further provides that Petitioner told his sister that he wanted to speak with his attorney and recant his plea deal. (ECF No. 1 at 21.) The letter explains that his sister subsequently added Petitioner's defense counsel to the call and heard Petitioner ask to recant his plea to which his defense counsel said he would see him later that week at the jail. (ECF No. 1 at 21.) Although the letter indicates that Petitioner told his sister and his attorney that he "would like to recant his plea[] deal," the letter does not indicate why he was motivated to do so.

Similarly, the unsigned declaration that Petitioner prepared for his defense counsel does not mention any uncommunicated plea deal. The unsigned declaration mentions a conversation between Petitioner and his defense counsel on May 25, 2017, in which counsel allegedly told Petitioner that he was pressured by the prosecuting attorney to secure Petitioner's thirty year plea deal. (ECF No. 1 at 24.) However, the unsigned declaration—which Petitioner prepared himself to substantiate his IAC claim—mentions nothing about an uncommunicated eighteen year plea deal. (*See id.*) Therefore, Petitioner's IAC claim fails on the first *Strickland* prong because Petitioner has not shown in either of his

submitted exhibits that defense counsel committed serious errors that functionally deprived him of counsel guaranteed by the Sixth Amendment.[2]

In his objection, Petitioner asks the court to grant an evidentiary hearing so he can prove his IAC claim has merit "because most of his communications with counsel [occurred] during attorney[-]client conferences and [are] thus very difficult to substantiate." (Obj. at 6:16–18.)  However, Petitioner also argues his sister's letter proves he suffered prejudice due to his defense counsel's representation because the letter evidences "Petitioner's conversation with [his defense counsel] about withdrawing his plea because he was never informed of an earlier plea offer . . . ." (Obj. at 6:22–25.)

As the Court has previously discussed herein, the letter from Petitioner's sister did not refer to an "earlier plea offer;" therefore, the letter does not support Petitioner's claims. Additionally, as amended by AEDPA, 28 U.S.C. § 2254(e) "substantially restricts the district court's discretion to grant an evidentiary hearing." *Baja v. Ducharme*, 187 F.3d 1075, 1077 (9th Cir. 1999).  Under, § 2254(e)(2), a district court may hold an evidentiary hearing only if petitioner can demonstrate that:

  (A) the claim relies on—

    (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

  (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).  Further, the Supreme Court has interpreted § 2254(e)(2) as "[imposing] a limitation on the discretion of federal habeas courts to take new evidence in

---

[2] In his objection, Petitioner argues that his defense counsel sometimes confused him with another client and so it is possible his defense counsel communicated Petitioner's alleged eighteen year plea offer to the wrong client. (Obj. at 6:28; 7:1–4.)  The Court rejects this argument for the same reason.

an evidentiary hearing." *Cullen*, 563 U.S. at 185. "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Id*. at 181. In other words, "an evidentiary hearing is pointless once the district court has determined that § 2254(d) precludes habeas relief." *Sully v. Ayers*, 725 F.3d 1057, 1075 (9th Cir. 2013). Indeed, in *Cullen*, the Court specifically found that the district court should not have held an evidentiary hearing regarding the petitioner's claims of ineffective assistance of counsel until after the Court determined that the petition survived review under section 2254(d)(1). *Id*. The R. & R. determined that the appellate court's denial of Petitioner's IAC claim was not objectively unreasonable under Section 2254(d)(1) to grant an evidentiary hearing. (R. & R. at 21:28.) The Court agrees. Therefore, Petitioner's request for an evidentiary hearing must be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court **APPROVES** and **ADOPTS** the R. & R. in its entirety (ECF No. 15); **OVERRULES** Petitioner's Objection to the R. & R. (ECF No. 16); **DENIES** Petitioner's request for an evidentiary hearing (ECF No. 13); **DISMISSES** the Petition (ECF No. 1); and **ORDERS** the Clerk of the Court to enter judgment accordingly. *See* 28 U.S.C. § 636(b)(1).

Additionally, a certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Petitioner has not made such a showing. Because reasonable jurists would not find the Court's assessment of the claims debatable or wrong, the Court **DECLINES** to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

**DATED: January 24, 2022**

Hon. Cynthia Bashant
United States District Judge